IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ODETTE MARIN, | ) | |
| | ) | **Civil Action No.** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| v. | ) | |
| | ) | |
| UNITED AIRLINES, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

Plaintiff, ODETTE MARIN, by her attorneys KREINDLER & KREINDLER LLP and SMITH LACIEN LLP, as and for her complaint against Defendant, UNITED AIRLINES, INC., alleges the following upon information and belief.

### THE PARTIES

1. Plaintiff, ODETTE MARIN, resides in Cross Junction, Virginia.

2. Defendant, UNITED AIRLINES, INC. (hereinafter "UNITED"), is a business corporation incorporated in the state of Delaware, with its headquarters and principal place of business located at 233 S. Wacker Drive, Chicago, Illinois 60606.

3. Defendant, UNITED, is a common carrier engaged in transporting passengers for hire by air.

### JURISDICTION AND VENUE

4. This Court's subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy exceeds $75,000 and the action is between citizens of different states.

5. The Court has personal jurisdiction over Defendant, UNITED, because the

Defendant maintains its headquarters and principal place of business within the Northern District of Illinois at 233 S. Wacker Drive, Chicago, Illinois 60606.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant, UNITED's, principal place of business is located within this judicial district.

## CLAIM ONE: FOR PERSONAL INJURIES

7. On September 1, 2023, Defendant, UNITED, operated and controlled a commercial aircraft, designated as United Airlines Flight 2021, with service from Washington Dulles International Airport (IAD) in Dulles, Virginia to Luiz Munoz Marin International Airport (SJU) in San Juan, Puerto Rico ("the subject flight").

8. On September 1, 2023, the subject flight was conducted on an aircraft ("the subject aircraft") owned, leased, operated, staffed, and otherwise controlled by Defendant, UNITED.

9. The subject aircraft was equipped with an on-board weather radar system.

10. On September 1, 2023, Plaintiff, ODETTE MARIN, was a fare-paying passenger lawfully aboard the subject flight.

11. On September 1, 2023, Defendant, UNITED, employed a flight crew responsible for the safe and secure operation of the subject flight as well as the safety and well-being of its passengers.

12. On September 1, 2023, Defendant, UNITED, was responsible for the training, management, supervision, and/or control of its employees, agents and/or servants, including but not limited to their adherence to standard safety practices, policies and protocol.

13. On September 1, 2023 just prior to its initial descent, the subject aircraft began to violently rock left to right in an uneven and unbalanced manner.

14. As the plane continued to rock uncontrollably, the pilots flew the initial approach with an excessive rate of descent, causing the plane to continue to shake from side to side and maintain a tilt to the right side.

15. When the subject aircraft finally touched down it slammed into the ground with great force.

16. The subject aircraft continued down the runway at a high rate of speed and suddenly took off again without any notice from the flight crew.

17. After remaining in the air for several minutes, the subject aircraft made its final descent and landed at SJU.

18. As a result of the hard landing, Plaintiff, ODETTE MARIN, was thrown into the wall of the plane to her right side.

19. As a result of the impact with the wall, Plaintiff, ODETTE MARIN, was caused to sustain serious personal injuries, including injuries to her back and right shoulder.

20. Plaintiff, ODETTE MARIN, was injured due to the negligence of the Defendant, UNITED, through its agents, servants, employees and/or contractors.

21. Defendant, UNITED, through its agents, servants, employees and/or contractors, was negligent insofar the pilots of the subject aircraft recklessly and carelessly failed to operate the aircraft in a manner that would avoid unsafe and dangerous conditions.

22. Defendant, UNITED, through its agents, servants, employees and/or contractors, was negligent insofar as the pilots of the subject aircraft recklessly and carelessly failed to take weather conditions at SJU into account when they made their initial descent.

23. Defendant, UNITED, through its agents, servants, employees and/or contractors was negligent insofar as its pilots violated their duties to passengers, and to the Plaintiff in

particular, by failing to take suitable precautions to ensure the safety of passengers lawfully aboard Defendant's aircraft.

24. Defendant, UNITED, through its agents, servants, employees and/or contractors was negligent insofar as its pilots violated federal safety regulations, including but not limited to part 91.13(a) of the Federal Aviation Regulations, which mandates that no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

25. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, was seriously injured.

26. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, was caused to experience extreme pain and suffering and will continue to experience pain and suffering in the future.

27. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, suffered severe mental anguish and, in the future, will continue to suffer from severe mental anguish.

28. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, suffered economic loss and will continue to suffer economic loss in the future.

29. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, was forced to expend sums of money on medical care and treatment and will incur similar expenses in the future.

30. As a direct and proximate result of the Defendant's negligence, Plaintiff, ODETTE MARIN, has been unable to attend to her usual pursuits, was deprived of her enjoyment of life, capabilities, and interests, and in the future will continue to be deprived as

such.

31. The aforesaid incident and the resulting injuries were caused solely by the careless, reckless, and negligent manner in which the Defendant, UNITED, through its flight crew, operated and controlled the subject aircraft, without Plaintiff contributing thereto in any way.

WHEREFORE, Plaintiff, ODETTE MARIN, demands judgment against Defendant, UNITED AIRLINES, INC., in a sum to be determined at trial, together with costs, interest, attorney's fees, and any such further relief that the Court deems just and proper.

Dated: August 23, 2024
      New York, New York

Respectfully submitted,

**KREINDLER & KREINDLER LLP**

By: *Erin R. Applebaum*
    Erin R. Applebaum, Esq.
    *Attorneys for Plaintiff*
    485 Lexington Avenue, Floor 28
    New York, NY 10017
    Tel. (212) 973-3430
    EApplebaum@Kreindler.com

SMITH LACIEN LLP

By: Brian LaCien
    Brian LaCien
    Attorneys for Plaintiff
    70 W. Madison St., Ste. 2250
    Chicago, IL 60602
    Tel. (312) 509-8900
    blacien@smithlacien.com